**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Harry Fyall | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:04-23086-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| ATC/Ancom of South Carolina, L.P. and | ) | **ORDER** |
| National Express Corporation | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I. INTRODUCTION AND BACKGROUND**

On October 24, 2004, Harry Fyall ("Fyall"), filed this action against his employer ATC/Ancom of South Carolina ("ATC") and its parent corporation, National Express Corporation pursuant to the Americans With Disabilities Act ("ADA") 42 U.S.C. § 12101. Fyall also sued for breach of contract.

Fyall has worked for ATC and its predecessors in interest since 1969. The defendants operate the Charleston Area Regional Transportation Authority (CARTA). Over time, Fyall was promoted to one of two Lead Transportation Supervisor positions. The other Lead Transportation Supervisor was Harry Burnell ("Burnell"). Fyall had worked for ATC approximately six months to one year longer than Burnell. In 1996, Fyall was diagnosed with diabetes, which he controls with insulin. In the meantime, CARTA suffered financially and conducted layoffs.

According to Fyall, general manager Virginia Stevens ("Stevens") informed him that management layoffs were conducted by seniority. However, although Fyall had seniority over

Burnell, Fyall was laid off, but Burnell was not.  When Fyall argued his seniority to Stevens, she said, "you can't drive- you're insulin dependent."  However, Lead Transportation Supervisors were not required to drive buses.  Fyall was offered a lower paid dispatcher position.  Fyall alleges that in violation of the ADA, ATC demoted him from Lead Transportation Supervisor to Dispatcher because he is an insulin dependent diabetic.

Stevens denies making these statements to Fyall.  According to the defendants, Burnell had a better attitude, aptitude, and performance than Fyall.  When ATC assessed its long term needs, training and re-training was the top priority.  Burnell was certified to train and re-train bus operators on safe driving and had conducted more training than Fyall.  Therefore, the most important factor in the decision to lay off one Lead Transportation Supervisor was the ability of the supervisor to train future employees.

On June 27, 2005, the defendants jointly moved for summary judgment.  On August 10, 2005, Magistrate Judge Robert Carr heard oral arguments, and Fyall withdrew his breach of contract claim.  On September 7, 2005, Magistrate Judge Carr filed a report and recommendation.  Magistrate Judge Carr recommends that National Express be dismissed for lack of jurisdiction and that ATC be granted summary judgment.  On September 25, 2005, the plaintiff filed its objections to the report and recommendation.  This Court adopts Magistrate Judge Carr's report and recommendation and thus dismisses National Express for lack of jurisdiction and grants summary judgment to ATC.

## II.  JURISDICTION OVER DEFENDANT NATIONAL EXPRESS

This Court lacks jurisdiction over the defendant National Express, a Delaware Corporation with its principal place of business in Austin, Texas.  In December 1999, National

Express purchased ATC and became its parent corporation.  National Express is not registered in the state of South Carolina as a foreign corporation.  National Express has no physical presence, office, employees, phone listings, or agents in the state of South Carolina.  National Express neither conducts business nor operates in South Carolina.

National Express is not ATC's alter ego. The companies keep separate financial records and hold separate shareholder and board meetings.  In addition, ATC has sufficient corporate assets to meet its liabilities.  National Express is not the employer of any person who works at ATC's facilities.  National Express makes none of ATC's human resource decisions.  No agent or employee of National Express hires or terminates ATC employees.  It was ATC who made all decisions relating to Fyall's employment.

Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  There are two types of personal jurisdiction: general and specific. A court has general jurisdiction over a cause of action that arises out of the forum state. Calder v. Jones, 465 U.S. 783, 786 (1984).  A court has specific jurisdiction over a cause of action which directly arises out of or relates to the defendant's forum state activities.  The facts out of which this case arise are that ATC laid off Fyall from his position as Lead Transportation Supervisor and offered him an alternative, lower-paying position as dispatcher.  National Express is wholly unrelated to this action.

In addition, Fyall failed to include National Express in his Charge of Discrimination. The authority of the EEOC to investigate complaints of discrimination depends upon the Charge of Discrimination not the Initial Inquiry Questionnaire, as Fyall argues.  42 U.S.C. §2000e-5(b);

42 U.S.C. §12117(a); Hejirka v. Md. Div. of Corr., 264 F.Supp.2d 341, 345-46 (D. Md. 2003) (holding that the Charge of Discrimination triggers the EEOC's investigation). The Charge frames the scope of the investigation, and an entity not named in a Charge of Discrimination cannot be sued based upon the discrimination alleged in the Charge. Mickel v. S.C. State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); Diceky v. Greene, 710 F.2d 1003, 1005-06 (4th Cir. 1983); Coker v. Marmon Group, jpc., 455 F.Supp. 398, 400-01 (D.S.C. 1978).

As Magistrate Judge Carr concluded, this Court lacks jurisdiction over National Express, who is therefore dismissed from this action. The plaintiff's first, second, and third objections are therefore rendered moot.

### III. SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. Celotex Corp. v. Cattrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party bears the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-89 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. CenTra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). Unsupported speculation is not enough to withstand a motion for summary judgment. Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986).

**IV. ADA**

Under the ADA, 42 U.S.C. §12101, et. seq., "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual and in regard to job application procedures, compensation, job training, and other terms, conditions, and privileges of employment." The term "disability" means "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such disability; or (C) being regarded as having such impairment." Id. Fyall concedes that his diabetes does not constitute a disability within the meaning of the ADA. He maintains that ATC regarded him as having a disability because Stevens perceived that he was unable to drive a bus.

A person is "regarded as" having a disability if he:

(1) has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation; or
(2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of others toward such impairment.

29 C.F.R. §1630.2(1)(2)-(2). The Act's implementing regulations define "major life activity" as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. §1630.2(i). Fyall claims that the applicable major life activity in this case is working.

A plaintiff, who is regarded as having an impairment that substantially limits working

must show that he is restricted from either a class or broad range of jobs. "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." 29 C.F.R. §1630.2(j)(3)(I). Factors that aid in determining whether the plaintiff is disqualified from a class of jobs because of the impairment include: "[t]he job from which the individual has been disqualified . . . , the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographic area from which the individual is also disqualified because of the impairment." 29 C.F.R. §1630.2(j)(3)(ii)(B)

Fyall has not alleged that ATC regarded him as having a disability that restricted him from either a class of jobs or a broad range of jobs. In this case, Fyall alleges that Stevens told him, "you can't drive– you're insulin dependent." Fyall was not required to drive a bus as part of his duties as Lead Transportation Supervisor. Rather than laying off Fyall altogether, ATC immediately offered him a dispatch position. This offer indicates that ATC did not regard Fyall as significantly restricted in his ability to perform either a class of jobs or broad range of jobs.

In his objections, Fyall compares diabetes with epilepsy, stating that a person suffering from either condition may suffer a period of debilitation– either a diabetic stroke or an epileptic seizure. Fyall argues that Stevens perceived him as disabled because of this potential. Even if this is true, the fact remains that Fyall did not drive a bus as Lead Transportation Supervisor. ATC merely offered him an alternative albeit lower paying position when it reduced its workforce from 125 employees to 32 employees. Fyall has not borne his burden of showing that he was disabled within the meaning of the ADA.

## IV. BREACH OF CONTRACT

Fyall objects to Magistrate Judge Carr's finding that ATC did not breach any contract

with Fyall. On August 10, 2005, at oral argument, Fyall withdrew his allegation that the recitation of disability non-discrimination law in the employee handbook constituted a contract in light of the South Carolina Supreme Court's recent holding to the contrary. See Hessenthatler v. Tri-County Sister Help, Inc., 616 S.E.2d 694 (2005). Fyall may not revive his withdrawn claim for breach of contract, but even if he could re-assert his breach of contract cause of action, ATC is entitled to summary judgment pursuant to Hessenthatler.

The ATC employee handbook states that "all employment decisions are made on a non-discriminatory basis, and without regard to . . . the presence of a non-job related medical condition or disability." This provision "does not constitute a promise altering the at-will employment relationship and giving rise to a breach-of-contract claim." Hessenthatler v. Tri-County Sister Help. Inc., 616 S.E.2d 694, 698 (*citing* McKenzie v. Lunds, Inc., 63 F.Supp.2d 986, 1003 (D. Minn. 1999)). An employer's general non-discrimination policy is too indefinite to sustain a cause of action for breach of contract. Hessenthatler v. Tri-County Sister Help. Inc., 616 S.E.2d 694, 698. Fyall could not form any reasonable expectation of employment for a guaranteed duration based on this statement in the employee handbook. Fyall was a mere at will employee. Therefore, Stevens' statement to Fyall, "you can't drive– you're insulin dependent" did not constitute a breach of contract, and ATC is entitled to summary judgment as to Fyall's cause of action for breach of contract .

**CONCLUSION**

National Express Corporation is dismissed for lack of jurisdiction. ATC/Ancom of South Carolina LP is granted summary judgment.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

October 17, 2005
Charleston, South Carolina